1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                         **DISTRICT OF NEVADA**

10

11  PATRICK HICKMAN,                          Case No.: 2:18-cv-00404-GMN-NJK

12          Plaintiff(s),                     **Order**

13  v.                                        (Docket Nos. 98, 99, 103)

14  KENNETH MEAD, *et al.*,

15          Defendant(s).

16         Pending before the Court are Plaintiff's motions to compel non-party Wells Fargo Bank,

17  non-party Bank of America, and non-party Kristine Fluker to comply with Plaintiff's subpoenas.

18  Docket Nos. 98, 99, 103. The Court has considered Plaintiff's motions, the non-parties' responses,

19  and Plaintiff's reply. Docket Nos. 98, 99, 100, 101, 102, 103, 105. The Court finds these motions

20  properly resolved without a hearing. *See* Local Rule 78-1.

21         **I.      Background**

22         Plaintiff alleges various claims related to Defendants' investigation, arrest, and prosecution

23  of him. *See* Docket No. 19. The complaint alleges that Plaintiff issued a check on a closed account

24  as payment for his mortgage. *Id.* at 3. The complaint further alleges that Defendant Mead, a

25  detective with the Las Vegas Metropolitan Police Department ("LVMPD"), investigated

26  Plaintiff's actions, submitted a declaration of warrant, and the state Court issued a search warrant

27  for Plaintiff. *Id.* Additionally, the complaint alleges that Defendant Jessica Walsh, a prosecutor

28

with the Clark County District Attorney's Office, filed a criminal complaint charging Plaintiff with attempted theft. *Id.*

The motions currently before the Court involve a dispute related to Plaintiff's subpoenas to three non-parties. Docket Nos. 98, 99, 103. Plaintiff asks the Court to compel the non-parties to respond his subpoenas, which seek various documents, such as copies of Plaintiff's transmitted check, communications between the non-parties and law enforcement, information regarding a former Wells Fargo employee, the Wells Fargo and Bank of America's internal memorandums, policies, and procedures, as well as transcripts from Plaintiff's criminal proceeding. Docket No. 98 at 18, Docket No. 99 at 17, Docket No. 103 at 6.

**II.     Standards**

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Parties are entitled to discover non-privileged information that is relevant to any party's claim or defense and is proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). The most recent amendments to the discovery rules are meant to curb the culture of scorched earth litigation tactics by emphasizing the importance of ensuring that the discovery process "provide[s] parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Roberts v. Clark Cty. School Dist.*, 312 F.R.D. 594, 603-04 (D. Nev. 2016).

The Court's analysis in deciding disputes regarding subpoenas served on non-parties is governed by Rule 45. *See, e.g., Paws Up Ranch, LLC v. Green,* 2013 WL 6184940, *1 (D. Nev. Nov. 22, 2013). Significant changes were made to Rule 45 through the 2013 amendments, which went into effect on December 1, 2013. *See Wultz v. Bank of China, Ltd.,* 304 F.R.D. 38, 42 (D.D.C. 2014). "In its order adopting the 2013 amendments to Rule 45, the Supreme Court specified the amendments would govern in all proceedings commenced after December 1, 2013, and, 'insofar

as just and practicable, all proceedings then pending.'" *Garden City Emps.' Retirement Sys. v. Psychiatric Solutions, Inc.,* 2014 WL 272088, *3 (E.D. Pa. Jan. 24, 2014).

Undue burden in the context of non-party discovery is judged by the same standard as that used regarding discovery served on parties to the litigation. *See Mount Hope Church v. Bash Back!*, 705 F.3d 418, 429 (9th Cir. 2012). To meet its burden of persuasion, the objecting party must provide specific facts that indicate the nature and extent of the burden. *See, e.g.*, *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maintenance Ass'n*, 316 F.R.D. 327, 334 (D. Nev. 2016) (citing *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 529 (D. Nev. 1997)). "An evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (quoting *Travelers Indem. Co. v. Metropolitan Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005)). The court also has an obligation to protect non-parties from being burdened with subpoenas for documents that can more easily and inexpensively be obtained from the opposing party. *Dart Industries Co. v. Westwood Chemical Co.*, 649 F.2d 646, 649 (9th Cir. 1980).

**III. Analysis**

A. Motion to Compel Wells Fargo to Comply with Subpoena

Plaintiff asks the Court to compel non-party Wells Fargo to comply with his subpoena seeking a copy of his check as transmitted to law enforcement with any accompanying documents, any communication between Wells Fargo and law enforcement, contact information for former employee Courtney Hannett, and copies of the bank's policies on the processing and handling of non-sufficient funds checks. Docket No. 98 at 4-5, 18. Plaintiff submits that he conducted a teleconference with Wells Fargo on March 28, 2019, but it would not agree to provide any documents. *Id*. at 3. Plaintiff submits that, despite the fact the subpoena conforms to the Rule 45 requirements, Wells Fargo has ignored the subpoena and failed to properly object to the subpoena or file a motion to quash. *Id*. at 4-5.

In response, Wells Fargo submits that it already disclosed most of the documents Plaintiff seeks and, if Plaintiff seeks re-production of the documents, Defendants should disclose them.

Docket No. 100 at 4. Wells Fargo additionally submits that Plaintiff already possess a copy of the requested check and, therefore, the request is cumulative or duplicative. *Id*. Further, Wells Fargo submits that Plaintiff is not entitled to its former employee's personal contact information, as it is outside the scope of Rule 26 and is overbroad and intrusive. *Id*. at 4-5. Finally, Wells Fargo submits that its policies constitute trade secrets and Plaintiff fails to establish why he is entitled to the confidential policies or why the policies are relevant to his claims. *Id*. at 5-6.

In reply, Plaintiff submits that Wells Fargo failed to timely object to the subpoena, the requested information is relevant, and the information is not readily available to him. Docket No. 101 at 5-7. Plaintiff further submits that he requested non-intrusive information for Wells Fargo's former employee Ms. Hannet, such as a mailing address and a phone number, and the Court has previously granted requests for similar information. *Id*. at 8. Finally, Plaintiff argues that Well Fargo's policies are relevant and that, even if the policies constitute trade secrets, they are nevertheless discoverable. *Id*. at 8-9.

The Court finds that Wells Fargo has provided Plaintiff with the relevant documents in its possession and, therefore, the disputed requests are unreasonably cumulative and duplicative. The Court further finds that Plaintiff is not entitled to Wells Fargo's former employee's personal contact information. In *Schemekes v. Presidential Limousine*, the Court found that Plaintiff was entitled to former employees' names, addresses, and email addresses in order for Plaintiff to provide potential claimants with notice of the ongoing litigation. 2011 WL 868182, at *4 (D. Nev. 2011). However, unlike in *Schemekes*, Plaintiff seeks Ms. Hannet's information because she is listed as the "contact person" in the parties' documents exchanged. Docket No. 101 at 8. Plaintiff fails to provide any specific reason why Ms. Hannet's personal information is necessary or what information Ms. Hannet would provide that Plaintiff cannot obtain from Defendants or Wells Fargo. Accordingly, the Court finds that Plaintiff's request for Ms. Hannet's information is overly broad, intrusive, and not within the scope of Rule 26. Additionally, the Court finds that Plaintiff is not entitled to Wells Fargo's internal policies and procedures. A company's internal policies and procedures constitute trade secrets and may be entitled to protection against unwarranted disclosures. Some courts have held that corporate documents such as manuals may qualify as trade

secrets or confidential, proprietary information entitled to protection from disclosures. *See Haldiman v. Continental Cas. Co.*, 2014 WL 584305, at *3 (D. Ariz. Feb. 13, 2014) (holding that an insurance company's manual is entitled to protection from disclosures as a trade secret or confidential, proprietary information). Here, Plaintiff fails to demonstrate how the bank's policies and procedures are relevant to his claims against Defendants; therefore, Wells Fargo is not required to produce them.

Accordingly, Plaintiff's motion to compel non-party Wells Fargo to comply with his subpoena, Docket No. 98, is **DENIED** without prejudice.

B.  Motion to Compel Bank of America to Comply with Subpoena

Plaintiff asks the Court to compel non-party Bank of America to comply with his subpoena seeking a copy of his check as transmitted to law enforcement with any accompanying documents, any material and communication between Bank of America and law enforcement, the bank's policies regarding the processing and handling of non-sufficient funds checks, and any internal circulatory letters and memoranda concerning non-sufficient fund checks. Docket No. 99 at 3-4, 17. Plaintiff submits that he attempted to meet and confer with Bank of America on March 20, 2019, but that Bank of America refused to confer or provide documents absent an order from the Court. *Id*. at 26. Plaintiff submits that Bank of America has consciously chosen not to cooperate and failed to properly object to the subpoena or file a motion to quash. *Id*. at 3. Plaintiff submits that his subpoena clearly conforms with the requirements of Rule 45 and that he has made all reasonable efforts to work with Bank of America. *Id*. at 3-5.

In response, Bank of America submits that, since the Court denied Plaintiff's prior motions to compel, Plaintiff failed to change the subpoena, re-serve it, or make a genuine effort to meet and confer, prior to filing the instant motion. Docket No. 102 at 2. Bank of America further submits that a copy of Plaintiff's check, which was not drawn on a Bank of America account, is nearly impossible for it to find and produce. *Id*. at 3. Bank of America submits that the request is duplicative and unreasonable cumulative or can be obtained from another source that is more convenient, less burdensome, or less expensive. *Id*. at 3-4. Additionally, Bank of America submits that Plaintiff has not established that its communications with law enforcement are relevant and

5

the request is overly broad and burdensome.  *Id*. at 4.  Further, Bank of America submits that its internal policies and procedures are confidential and that Plaintiff fails to provide any reason why this information is relevant.  *Id*. at 5.

The Court finds that Plaintiff's subpoena to non-party Bank of America seeks overly broad, duplicative, and unreasonable cumulative information.  Plaintiff fails to proffer any reason why the check and communications cannot be obtained from Defendants instead of Bank of America or why the requests are not duplicative.  Further, Plaintiff fails to articulate any reason why Bank of America's internal policies and procedures are relevant to his claims against Defendants.

Accordingly, Plaintiff's motion to compel Bank of America to comply with his subpoena, Docket No. 99, is **DENIED**.

<u>C.  Motion to Compel Kristine Fluker to Comply with Subpoena</u>

Plaintiff asks the Court to compel non-party Kristine Fluker to comply with his subpoena seeking any and all written and/or recorded transcripts for the criminal proceeding in the Las Vegas Township Justice Court, case number 14F14400X.  Docket No. 103 at 2-4, 6.  Plaintiff submits that he served his subpoena on Ms. Fluker on September 10, 2018 and, on September 17, 2018, Deputy District Attorney Kimberly Buchanan responded, but only provided part of the transcript.  *Id*. at 2.  Plaintiff submits that he made repeated inquiries into the transcripts, but was told no additional transcripts existed for the case.  *Id*.  Plaintiff submits that, on June 18, 2019, he participated in a telephonic conference with Ms. Fluker's attorney, Deputy District Attorney Lucina Coumou, who stated that responsive documents had been provided and that no other transcripts are available.  *Id*. at 11.

In response, Ms. Fluker submits that she has complied with Plaintiff's subpoena and produced all responsive documents in her possession as well as a certificate of the custodian of records.  Docket No. 105 at 3.  Ms. Fluker further submits that Plaintiff has been made aware that all responsive documents have been produced.  *Id*.

Plaintiff fails to provide any facts or explanation in support of the allegation that Ms. Fluker has failed to comply with the subpoena.  Moreover, Ms. Fluker provided a copy of her sworn certificate of the custodian of records, which attests that all responsive documents were provided

to Plaintiff.  Docket No. 105 at 6.  The Court finds that Ms. Fluker has complied with Plaintiff's subpoena.  Accordingly, Plaintiff's motion to compel Ms. Fluker to comply with his subpoena, Docket No. 103, is **DENIED**.

### IV.    Conclusion

For the reasons discussed above, Plaintiff's motions to compel are **DENIED**.  Docket Nos. 98, 99, 103.

IT IS SO ORDERED.

Dated: August 14, 2019

_____
NANCY J. KOPPE
United States Magistrate Judge