# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PATRICK HICKMAN,

    Plaintiff(s),

v.

KENNETH MEAD, *et al.*,

    Defendant(s).

Case No.: 2:18-cv-00404-GMN-NJK

**Order**

(Docket No. 112)

Pending before the Court is Defendant Kenneth Mead's motion to file a surreply to Plaintiff's reply to his motion for protective order. Docket No. 112. The Court has considered Defendant's motion and Plaintiff's response in opposition. Docket Nos. 112, 113. No reply was filed. *See* Docket. The Court finds that the motion for leave is properly resolved without a hearing. *See* Local Rule 78-1.

"A party is generally prohibited from raising new issues for the first time in its reply brief" because the opposing party is not afforded an opportunity to respond. *Queensridge Towers LLC v. Allianz Global Risk US Ins. Co.*, 2015 WL 1403479 at *3 (D. Nev. Mar. 26, 2015) (citing *Eberle v. City of Anahiem*, 901 F.2d 814, 818 (9th Cir. 1990)). Therefore, "[w]here the moving party presents new matters for the first time in a reply brief, the Court may either refuse to consider the new matters or allow the opposing party an opportunity to respond." *Steven Cohen Prods. Ltd. v. Lucky Star, Inc.*, 2015 WL 3555384 at *3 (D. Nev. June 5, 2015) (citing *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007)). The Local Rules permit the filing of a surreply only with leave of

court. Local Rule 7-2(b). Further, a surreply may "only address new matters raised in a reply to which a party would otherwise be unable to respond." *Steven Cohen Prods. Ltd.*, 2015 WL 3555384 at *3.

The Court finds that Defendant has demonstrated that Plaintiff raised new issues in his reply. Accordingly, the Court hereby **GRANTS** Defendant's motion for leave to file a surreply, solely to address the new matters raised in Plaintiff's reply to his motion for a protective order. Docket No. 112. Defendant's surreply shall be filed no later than August 16, 2019.

IT IS SO ORDERED.

Dated: August 14, 2019

_____
NANCY J. KOPPE
United States Magistrate Judge