**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PATRICK HICKMAN,

        Plaintiff,

vs.

KENNETH MEAD, *et al.*,

        Defendants.

Case No.: 2:18-cv-00404-GMN-NJK

**ORDER**

Pending before the Court is Plaintiff Patrick Hickman's ("Plaintiff's") Objection, (ECF No. 89), regarding United States Magistrate Judge Nancy Koppe's Order, (ECF No. 85), denying Plaintiff's Motion to Compel Discovery, (ECF No. 69). Defendant Kenneth Mead ("Mead") filed a Response, (ECF No. 92), and Plaintiff did not file a reply.

Also pending before the Court is Plaintiff's Objection, (ECF No. 135), regarding Judge Koppe's Order, (ECF No. 127), denying Plaintiff's Motion for Protective Order, (ECF No. 108). Mead filed a Response, (ECF No. 143), and Plaintiff did not file a reply.

Also pending before the Court is Mead's Motion to Dismiss, (ECF No. 131). Plaintiff filed a Response, (ECF No. 149), and Mead filed a Reply, (ECF No. 150).

Also pending before the Court is Plaintiff's Motion to Extend Time to respond to Mead's Motion to Dismiss, (ECF No. 144). Mead filed a Response, (ECF No. 146), and Plaintiff filed a Reply, (ECF No. 148).

Also pending before the Court is Defendant Jessica Walsh's ("Walsh's") Motion to Dismiss, (ECF No. 134). Plaintiff filed a Response, (ECF No. 138), and Walsh did not file a reply.

For the reasons discussed below, the Court **GRANTS** Defendants' Motions to Dismiss and **DENIES as moot** Plaintiff's discovery Motions and Motion to Extend Time.[1]

I. <u>**BACKGROUND**</u>

This case arises from Plaintiff's allegations that, during his arrest and subsequent criminal proceedings concerning his use of a closed bank account to pay a pre-existing mortgage debt, the defendant state government officials discriminated against him because he is a "sovereign citizen." Plaintiff commenced this action by filing the Complaint on March 6, 2018. (*See* ECF No. 1). Plaintiff later amended the Complaint with leave of Court. (*See* Order Granting Leave Am., ECF No. 16); (First Am. Compl. ("FAC"), ECF No. 19). In the First Amended Complaint, Plaintiff asserted claims against Mead, a police officer with the Las Vegas Police Department, and Walsh, Chief Deputy District Attorney, for: (1) malicious prosecution; (2) equal protection; (3) presumption of access to the courts; and (4) municipal liability. (*See generally* FAC, ECF No. 19). In response, Walsh filed a Motion to Dismiss, (ECF No. 23), and Mead filed a Motion for Judgment on the Pleadings, (ECF No. 84).

On August 30, 2019, the Court granted both Motions. (Order, ECF No. 118). The Court granted Walsh's Motion to Dismiss with prejudice after concluding that she was entitled to absolute prosecutorial immunity because the conduct complained of was undertaken in her official capacity. (*Id.* 5:8–8:5). The Court granted Mead's Motion for Judgment on the Pleadings, but it only dismissed with prejudice Plaintiff's malicious prosecution and

---

[1] Plaintiff moves the Court to grant him an extension of time to file a response to Mead's Motion to Dismiss, (Mot. Extend, ECF No. 144). The response was originally due on October 18, 2019. (*See* Min. Order, ECF No. 131). Plaintiff argues that the Court should grant his Motion to Extend for excusable neglect because he was busy engaging in discovery and mistakenly believed his response deadline was October 25, 2019. (Mot. Extend ¶¶ 9–11). In anticipation of the extension, Plaintiff filed his Response. (*See* Pl.'s Resp. to Mead's Mot. Dismiss, ECF No. 149). However, neither his Motion to Extend nor his Response are timely. (Mot. Extend, ECF No. 144) (filed on October 24, 2019); (*See* Pl.'s Resp. to Mead's MTD, ECF No. 149) (filed on November 22, 2019). Having reviewed the Response, the Court concludes that even if it were to grant the Motion *nunc pro tunc*, dismissal of the Complaint with prejudice would still be appropriate because the amendment prejudices Mead and exceeds the scope of the Court's grant of leave to amend. (*See infra* 5:12–7:13). Therefore, the Court denies as moot Plaintiff's Motion to Extend.

presumption of access claims. (*Id.* 8:6–14:18). In granting Plaintiff leave to amend the other causes of action, the Court specifically noted that Plaintiff, "may be able to plead additional facts to support his Equal Protection and Municipal Liability claims." (*Id.* at 14:10–11). However, it further advised that, "Plaintiff should only file an amended complaint to the extent that he can in good faith correct the deficiencies discussed herein. Any additional allegations must not be predicated on Mead's alleged malicious prosecution, as the Court has already resolved this matter." (*Id.* 14:12–15).

Plaintiff's Second Amended Complaint asserts claims against both Defendants for: (1) retaliatory prosecution; (2) deprivation of procedural due process; (3) a constitutional challenge to Nev. Rev. Stat. 205.0833 as applied; and (4) abuse of process. (*See* Second Am. Compl. "SAC" ¶¶ 37–64, ECF No. 124). Defendants now move to dismiss the Second Amended Complaint. (Mots. Dismiss, ECF Nos. 131, 134).

## II.  LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

### A. Mead's Motion to Dismiss

The Court first considers whether Mead's Motion to Dismiss should be granted. The Court concludes that the Second Amended Complaint should be dismissed as to Mead because Plaintiff exceeded the scope of the Court's Order granting him leave to amend.

It is within the district court's discretion to "impose reasonable conditions on a grant of leave to amend a complaint." *Int'l Ass'n. of Machinist & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1391 (9th Cir. 1985) (quoting *Mountain View Pharm. v. Abbott Labs.*, 630 F.2d 1383, 1386 (10th Cir. 1980)) (internal quotations omitted). When the plaintiff exceeds the scope of the court's grant of leave to amend, the court may dismiss the unauthorized claims. *See, e.g.*, *Foley v. Hermes*, No. 2:16-cv-02369-APG-PAL, 2019 U.S. Dist. LEXIS 32737, at *13–*14 (D. Nev. Mar. 1, 2019); *see also United States ex rel. Modglin v. DJO Global Inc.*, 114 F. Supp. 3d 993, 1013–14 (C.D. Cal. 2015) (collecting cases).

Mead preliminarily argues that the Second Amended Complaint should be dismissed because it exceeds the scope of the Court's Order granting leave to amend (Mead's Mot. Dismiss ("MTD") 4:11–7:19, ECF No. 131). Plaintiff's First Amended Complaint pleaded claims against Mead for: (1) malicious prosecution; (2) equal protection; (3) access to the courts; and (4) municipal liability. (FAC ¶¶ 19–43, ECF No. 19). The Court granted Plaintiff leave to amend the deficiencies of his equal protection and municipal liability claims. (Order, 14:10–15, ECF No. 118). In the Second Amended Complaint, Plaintiff abandons those causes of action and instead asserts claims for: (1) retaliatory prosecution; (2) deprivation of procedural due process; (3) a constitutional challenge to Nev. Rev. Stat. 205.0833 as applied; and (4) abuse of process. (*See* SAC ¶¶ 37–64, ECF No. 124). The claims are not within the scope of the Court's grant of leave to amend, and they are therefore dismissed.[2]

The Court next considers if dismissal of Plaintiff's claims against Mead should be with prejudice. The Court concludes that dismissal with prejudice is appropriate because granting leave to amend would prejudice Mead, and Plaintiff has repeatedly failed to cure defects in his Complaints.

It is within the discretion of the district court to dismiss a complaint with prejudice for reasons including, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *See Foman v. Davis*, 371 U.S. 178, 182 (1962). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Amendment may prejudice a defendant when the plaintiff asserts new legal theories requiring

---

[2] In his Response, Plaintiff argues that if the new claims are outside the scope of the Court's original grant of leave to amend, then the Court should provide leave to amend to add the new claims. (Pl.'s Resp. to Mead's MTD ¶¶ 16–18). The Court declines to grant leave to amend because further amendment would prejudice Mead, which the Court discusses below.

additional discovery well into litigation, which the plaintiff could have raised based on information he had when he filed the previous complaint. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953–54 (9th Cir. 2006). The risk of prejudice is acute when the plaintiff adds new claims after defendant has filed a summary judgment motion. *See, e.g.*, *Johnson v. Hewlett-Packard Co.*, 546 Fed. Appx. 613, 614 (9th Cir. 2013).

Repeated failure to cure deficiencies in a complaint may justify dismissal with prejudice if the court has previously dismissed the complaint, provided plaintiff notice of the complaint's deficiencies, and the plaintiff failed to cure the noted deficiencies. *See Smith v. Constellation Brands, Inc.*, 725 Fed. Appx. 504, 507 (9th Cir. 2018). The district court's discretion to deny leave to amend is "particularly broad" when it has previously given such leave. *See Carnahan v. Seterus, Inc.*, 712 Fed. Appx. 702, 703–04 (9th Cir. 2018) (quoting *Gonzales v. Planned Parenthood*, 759 F.3d 1112, 1116 (9th Cir. 2014)).

The Court concludes that prejudice to Mead and Plaintiff's repeated failure to cure the deficiencies in the Complaints justify dismissal with prejudice. The parties dispute whether the Second Amended Complaint's claims are substantively new or if Plaintiff merely realleges Mead's malicious conduct under new labels. (*See* Mead's MTD 3:1–4, 6:5–7:19) (Pl.'s Resp. to Mead's MTD 7:12–9:4, ECF No. 129). Even if Plaintiff's theories of recovery are new, he should have alleged the theories in the original Complaint. There is no indication that Plaintiff has unearthed new facts during discovery that enabled him to plead the new claims. To the contrary, Plaintiff suggests that his new claims—which he could have alleged based on the facts known to him when he filed the original Complaint—will require the Court to reopen discovery to unearth evidence necessary for trial. (*See* Resp. ¶ 21) ("Plaintiff has received no discovery related to his proposed amendments and his Second Amended Complaint."); (MTD 8:12–14, ECF No. 131). Given that discovery closed months ago, Mead filed summary judgment motions before the Second Amended Complaint mooted them, and Plaintiff could

have alleged his new claims from the beginning of this action, allowing the claims to go forward would prejudice Mead. (*See* Order Granting Mot. Extend Disc. Deadlines, ECF No. 83) (setting July 30, 2019 as the close of discovery); (*See* Mots. Summ. J. ("MSJs"), ECF Nos. 117, 119); (*See* Min. Order mooting MSJs, ECF No. 129).

Likewise, Plaintiff's repeated failure to cure deficiencies in his Complaints justifies dismissal with prejudice. The Court guided Plaintiff to cure the deficiencies in the First Amended Complaint and limited the scope of amendment to curing the potentially non-futile claims alleged. (Order at 14:12–15). Rather than complying with the Court's Order, Plaintiff asserts four purportedly new claims without first seeking leave of Court. (*See* SAC ¶¶ 37–64).

Providing Plaintiff another bite at the apple to plead a plausible claim is not in the interest of justice. Plaintiff's tactics will prejudice Mead, and his disregard of the Court's previous Order suggests he will not be able to assert a plausible claim. Accordingly, the Court dismisses Plaintiff's claims against Mead with prejudice.

### B. Walsh's Motion to Dismiss

Walsh moves to dismiss the Complaint because the Court previously dismissed Plaintiff's claims against her with prejudice, as she was entitled to prosecutorial immunity. (Walsh's MTD 3:5–19, ECF No. 134). Plaintiff opposes the Motion, arguing that Walsh is not immune from suit because she is being sued in her official capacity, rather than as an individual. (Pl.'s Resp. to Walsh's MTD ¶¶ 7–11, ECF No. 138). The Court again concludes dismissal with prejudice is appropriate because Walsh, acting in her official capacity, is entitled to absolute immunity for the conduct alleged. (*See* Order, 5:15–8:5, ECF No. 118) (explaining that prosecutors are entitled to absolute immunity for actions undertaken in their official capacity).

//

//

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Mead's Motion to Dismiss, (ECF No. 131), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Walsh's Motion to Dismiss, (ECF No. 134), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time, (ECF No. 144), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Objection to the Order denying Plaintiff's Motion to Compel, (ECF No. 89), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Objection to the Order Denying his Motion for Protective Order, (ECF No. 135), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Second Amended Complaint, (ECF No. 124), is **DISMISSED with prejudice**.

The Clerk of Court shall close the case and enter judgment accordingly.

**DATED** this __10__ day of February, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court